UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNE SOVA,

        Plaintiff,                                  Hon. Ellen S. Carmody

v.                                                Case No. 1:16-CV-975

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties subsequently agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 9). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

# STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 36 years of age on her alleged disability onset date. (PageID.258). She possesses an eleventh-grade education and worked previously as a housekeeper and commercial cleaner. (PageID.59, 293). Plaintiff applied for benefits on March 10, 2011, alleging that she had been disabled since January 22, 2008, due to "back, neck and spine" problems. (PageID.258-60, 293). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.135-256). On January 27, 2015, Plaintiff appeared before ALJ Douglas Johnson with testimony being offered by Plaintiff and a vocational expert. (PageID.70-100). In a written decision dated May 1, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.47-61). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.28-32). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

# ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from fibromyalgia and degenerative disc disease of the cervical and lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.50-52). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) during an 8-hour workday, she can sit for 6 hours and stand/walk for 2 hours; (2) she can occasionally stoop, kneel, crouch, crawl, and climb stairs; (3) she cannot climb ladders, ropes, or scaffolds; and (4) she cannot be exposed to unprotected heights or hazardous machinery. (PageID.52).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a

5

significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 600,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.95-97). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).

I.        **The ALJ Properly Evaluated the Medical Evidence**

Plaintiff argues that she is entitled to relief because the ALJ failed to afford appropriate weight to the opinions offered by her treating physician, Dr. Julie Hall, and two physician's assistants, Karei Schram and Justin Shields.

On February 24, 2011, Dr. Hall completed a form report regarding Plaintiff's impairments. (PageID.516-17). The doctor reported that during an 8-hour workday, Plaintiff could sit for "less than" 6 hours and stand/walk for "less than" 2 hours. (PageID.516-17). The doctor reiterated this opinion in a form report dated June 13, 2011. (PageID.558-59). In a form report dated January 22, 2013, Karei Schram reported that during an 8-hour day, Plaintiff could sit and stand/walk for "about 2 hours" each. (PageID.611). Schram also reported that Plaintiff required a sit/stand option and would need to take 15 minute breaks every 15-30 minutes. (PageID.611). In a form report dated July 11, 2012, Justin Shields reported that Plaintiff was unable to perform any job. (PageID.562).

6

The medical record simply does not support these opinions. The results of numerous x-rays and MRIs, performed between 2006-2009, were unremarkable. (PageID.409-22). The results of a January 11, 2010 physical examination were "objectively normal" and the doctor concluded that Plaintiff did not require "ongoing therapeutic intervention, whether physical therapy, medications or injections." (PageID.423-31). A June 21, 2010 examination revealed "normal motor function" and "functional" range of motion. (PageID.454-55). Treatment notes dated July 12, 2010, indicate that Plaintiff "displays poor effort towards exam." (PageID504). On August 13, 2010, Dr. Hall reported that Plaintiff was experiencing "very mild degenerative disc disease but no frank herniations." (PageID.447).

Treatment notes dated May 4, 2013, indicate that Plaintiff "really does not look like someone with a pain level of 10/10 as she is quite comfortable in the room and talking without any visible signs of distress." (PageID.655). A July 11, 2011 examination revealed that Plaintiff "does not have actual objective findings on exam." (PageID.534-35). On May 3, 2012, Karei Schram reported that Plaintiff's reports of pains were "out of proportion to [her] general appearance." (PageID.587). Treatment notes dated August 30, 2012, reveal that examinations and testing "have been normal." (PageID.573). Treatment notes dated September 6, 2012, indicate that Plaintiff "should be weaned down on opiates" because her overuse was likely causing her alleged symptoms. (PageID.571).

On April 30, 2013, Dr. Wayne Kohn reported that Plaintiff's "reported pain intensity is out of proportion to [her] general appearance." (PageID.689).[2] On May 6, 2013, Dr. Danielle

---

[2] On numerous occasions, Plaintiff's care providers observed that Plaintiff's reported pain was inconsistent with her appearance. (PageID.569, 577, 581, 587, 631, 636, 641, 646, 655, 659, 662, 665, 689, 691, 696, 722, 725, 728, 734, 747, 755).

7

Koestner reported that Plaintiff is "not" disabled, but was instead "enabled by her family." (PageID.686). Following a September 20, 2014 examination, Dr. Thuy Nguyen reported that Plaintiff "has good strength and range of motion," "good sensation," and "her gait and station are within normal limits." (PageID.674). The doctor concluded that Plaintiff can lift/carry 40 pounds and walk 5 miles. (PageID.674).

First, the opinion by Justin Shields that Plaintiff was unable to perform any job is entitled to no deference as the determination of disability is a matter reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). As for the opinions expressed by Dr. Hall and Karei Schram, the ALJ discounted such on the ground that they were inconsistent with the medical record. This determination is supported by the evidence as discussed above. The Court discerns no error in the ALJ's assessment and evaluation of the opinions in question. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (the ALJ must provide good reasons for discounting the opinion of a treating physician); *DeLong v. Commissioner of Social Security*, 2013 WL 1309003 at *11 (W.D. Mich., Mar. 28, 2013) (the ALJ need only consider opinions from unacceptable sources such as physician's assistants). Accordingly, this argument is rejected.

II.     **The ALJ Properly Evaluated Plaintiff's Impairments**

As noted above, the ALJ determined that Plaintiff suffers from multiple severe physical impairments. Plaintiff argues, however, that she is entitled to relief because the ALJ failed to also find that she suffers from a severe mental impairment. At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. Where the ALJ finds the presence of a severe impairment at step two and

8

proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

The ALJ considered the entire record and concluded that Plaintiff's "medically determinable mental impairment of affective disorder and anxiety disorder does not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and is therefore non-severe." (PageID.50). This conclusion is supported by substantial evidence. As the ALJ detailed, Plaintiff received only sporadic conservative treatment for her emotional impairments. (PageID.50-51). Moreover, Plaintiff's care providers consistently and repeatedly reported findings consistent with the ALJ's conclusion. (PageID.484, 495, 497, 499, 502, 511, 513-14, 567, 569, 582, 587, 631, 646-48, 650-51, 653, 657, 659-60, 662, 665, 669, 672, 691, 694, 696, 699-700, 728, 734, 738, 742-43, 747, 749, 752, 755, 757, 772, 776). This argument is, therefore, rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: May 16, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge